WALTZER, Judge.
Defendant, Jack R. Schega (Schega) appeals a trial court judgment awarding plaintiff R.C. Collier Waterproofing Minority Contractor (Collier) $8,900.00 with interest from date of judicial demand, an award of attorney’s fees of $3,000.00 and the dismissal of his reconventional demand, and the recognition and enforcement of a privilege securing the $8,900.00 with interest and cost for recording the lien.
FACTS
Collier and Schega agreed in a written contract that Collier should sandblast and grout the interior and exterior of a 24 unit apartment building located at 2332 Third Street in the City of New Orleans. A total price of $27,900.00 was agreed upon. Collier performed the agreed-upon work and was paid in various increments, leaving a balance of $8,900.00 unpaid. Schega refused to pay the balance, because he was *801 dissatisfied that Collier finished the exteri- or of the apartment building with a rough finish, while the interior was grouted in a smooth finish. Schega demanded that Collier apply a smooth finish to the exterior or hire another contractor to do so. When Schega failed to pay him, Collier filed a Petition to Enforce a Contractor’s Privilege pursuant to LSA-R.S. 9:4802 for the debt of $8,900.00 and all costs. Schega reconvened seeking damages in the amount of $22,000.00 for breach of contract, the sum allegedly needed to complete the exterior of the apartment building with a smooth finish. The matter was referred to the Office of the Commissioner. The Honorable Paul Bonin, commissioner and judge ad hoc for the Civil District Court examined the work on the complex and found that the contract had been adequately performed by Collier. After the trial was held, the findings of the commissioner were adopted by the District Court.
Defendant raises the following specifications of error:
1. The court erroneously characterized the contract as a contract for waterproofing, not one for sandblasting and grouting;
2. The court erred in failing to recognize the contract does not specify the procedure to be utilized on the interior and exterior.
3. The court erred in stating Schega failed to discharge R.C. Collier after R.C. Collier left the job.
4. The court erred in failing to admit evidence previously stipulated by counsel.
5. The court incorrectly characterized Ms. Deanne Cosie as an expert.
6. The court erred in failing to award Schega damages in its reconventional damand.
None of these assignments of error have merit and are not determinative in the outcome of this case. The assignments of error can be reduced to one claim; that is: the appellant’s expectations that the exteri- or walls of the apartment complex be aesthetically as pleasing to him as the inside, and whether these expectations are warranted under the contract.
We must decide whether Collier was obliged under the contract confected with Schega to use the same finish interiorly as was used exteriorly. The contract provides inter alia:
GROUTING: We will apply grout coat on exterior and interior using two (2) sand to one (1) Portland Cement. One share of masonary mix, link bonding material will be add(ed) to all mortar as spec.
PATCHING: We will patch holes in block, also close mail box slot, point all joints in block wall interior and exterior. - After all the above have been complete (sic) we will apply grout coat on the exis(t)ing walls.
There is nothing in the contract about the grouting finish to be applied to the interior or the exterior of the building owned by the defendant. The type of material is specified and the things to be done, such as the joints to be pointed, etc., but there is no specification as to the type of finish to be applied. Appellee wrote the contract to which the parties agreed. The court will construe ambiguous clauses in a contract against its preparer only if it cannot ascertain the common intent of the parties. Carter v. Financial Advisor & Consultant, Inc., 444 So.2d 646, (La.App. 1st Cir., 1983). What, then, was the common intent as revealed by the testimony and evidence as presented at trial? Collier testified at trial that he voluntarily and gratuitously made the interior a smooth finish in order to save Schega the expense of sheetrocking. Both the commissioner and the district judge believed Collier’s testimony on that point, interpreting the contract as giving Collier the option of determining the finish he would apply. Just as there is no mention in the contract concerning the kind of finish to be applied, there is no statement to the effect that the exterior and interior finishes had to be the same. Schega testified that Collier showed him a smooth sample for his approval and that he, therefore, relied on both surfaces being finished alike. The trial court believed Col *802 lier and found him to be the more credible of the two parties.
The trial court further determined that Collier could not have intended to provide a smooth exterior finish, because it would have been too expensive and he would have lost money on the job. This finding makes sense, especially so, since Schega estimated a cost of $22,000.00 in his reconventional demand for a smooth exterior finish, when the entire job was contracted for $27,-900.00.
Schega was on the worksite almost daily. He never stopped Collier from applying the rough finish to the exterior, on the contrary, he permitted the work to be completed and paid appellee in increments for his work. After the subcontractor had finished the job and demanded the outstanding balance on the contract, Schega complained for the first time. The commissioner found that Schega ... “weakly indicated a specific conversation in which he claims Collier told him that the interior and exteri- or would be the same.” Schega admitted that he has previously discharged contractors who were not doing their job correctly. Ms. Deanne Cosie, appellant’s only witness, herself a licensed contractor, testified, that it is customary to terminate a subcontractor and not allow him to complete the job incorrectly.
The trial court based its decision on findings of fact. Its decision may not be overturned unless the trial court was manifestly or clearly erroneous in reaching its decision. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). When findings are based on determinations regarding the credibility of witnesses, the manifest error/clearly wrong standard demands great deference to the trier of fact’s findings; for only the factfinder can be aware of the variations in demeanor and tone of voice that bear so hearvily on the listener’s understanding and belief in what is said. When the fact-finder’s finding is based on its decision to credit the testimony of one of two or more witnesses, that finding can virtually never be manifestly erroneous or clearly wrong. Rossell v. Esco, 549 So.2d 840 (La.1989); cited in Bruno v. Harbert Intern. Ins., 593 So.2d 357 (La.1992).
Appellee seeks an increase in the award of attorney's fees based on the additional legal representation necessitated by defendant’s appeal. In view of the appellee’s failure to appeal from the judgment or answer the appeal we are unable to consider his request for an increase. C.C.P.Art. 2133; Weber v. Crescent Ford Truck Sales, Inc., 393 So.2d 919 (La.App. 4th Cir.1981).
The judgment of the district court is affirmed.
AFFIRMED.